IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHILLIP O'BRIANT,   *

Plaintiff,   *

v.   *   Civil Action No. GLR-18-1641

DONNA McCABE SCHAEFFER, Judge,   *

Defendant.   *

  ***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Phillip O'Briant's Complaint (ECF No. 1) and Motion for Leave to Proceed in forma pauperis (ECF No. 2). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant O'Briant's Motion but will dismiss the Complaint.[1]

### I.   BACKGROUND[2]

O'Briant, a resident of Baltimore, Maryland, alleges violation of his civil rights pursuant to 42 U.S.C. § 1981 (2018). He seeks compensatory and punitive damages of $400,000.00 from Defendant Donna McCabe Schaeffer, an Anne Arundel County, Maryland Circuit Court Judge, alleging a violation of due process with regard to Judge Schaeffer's ruling in O'Briant's action against a previous employer, Atlas Container

---

[1] O'Briant did not provide a civil cover sheet or summons with his initial pleading. Because the Court will dismiss the Complaint, it will not require O'Briant to correct this deficiency.

[2] Unless otherwise noted, the facts outlined here are uncontroverted and the Court views them in the light most favorable to O'Briant.

Corporation. (Compl., ECF Nos. 1, 1-1). O'Briant provides no documents related to his state court action.[3]

## II. DISCUSSION

### A. Standard of Review

O'Briant seeks leave to proceed in forma pauperis. Under 28 U.S.C. § 1915(a)(1) (2018), an indigent litigant may commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a district court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii). In this context, this court is mindful of its obligation to liberally construe the pleadings of pro se litigants. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. Id. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not

---

[3] Examination of Maryland's electronic case search docket shows a civil action was filed by O'Briant against Atlas on March 9, 2017. Summary judgment was granted to Atlas on April 11, 2018. That determination is set for en banc review by a three judge panel. See O'briant v. Atlas Container Corp., Case No. C-02-0CV-17-000692 (Anne Arundel Cty. Cir. Ct.); http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis? The docket does not reveal the name of the judge assigned to the case.

look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." White v. White, 886 F. 2d 721, 722–23 (4th Cir. 1989).

**B.     Analysis**

Federal courts "may not exercise jurisdiction absent a statutory basis," Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005), and "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). A court is to presume that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper. United States v. Poole, 531 F.3d 263, 274 (4th Cir. 2008) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)).

O'Briant couches his civil rights allegation against Schaeffer as a due process violation arising under the Fifth and Fourteenth Amendments to the United States Constitution. While this Court has jurisdiction to hear due process claims, due process does not furnish a basis for jurisdiction based on the allegations presented here. Based on O'Briant's allegations, the Court must dismiss his case under the doctrine of judicial immunity. Judicial immunity bars suits based on allegations of judicial error in a judge's decision. Forrester v. White, 484 U.S. 219, 226–27 (1988). Here, O'Briant asserts violations of his due process rights based only on alleged errors in Schaeffer's ruling in O'Briant's action against Atlas Container Corporation. Because judicial immunity bars such suits, the Court must dismiss O'Briant's Complaint.

## III. CONCLUSION

For the foregoing reasons, the Court will grant O'Briant's Motion for Leave to Proceed in forma pauperis (ECF No. 2) but will dismiss the Complaint (ECF No. 1). A separate Order follows.

Entered this 28th day of June, 2018.

/s/
George L. Russell, III
United States District Judge